IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, ) | No. C 11-1095 LHK (PR) |
| )  Petitioner, ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |
| v. ) | |
| WARDEN TIME V. VIRGA, ) | |
| )  Respondent. ) | (Docket No. 9) |
| ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss. Petitioner has filed an opposition, and Respondent has filed a reply. Although not authorized to do so, Petitioner has filed an "opposition" to Respondent's reply. After careful consideration of all relevant papers, and for the reasons stated below, the Court GRANTS Respondent's motion to dismiss, and DISMISSES the petition.

**BACKGROUND**

On May 22, 2002, Petitioner pleaded no contest to the charge of failing to register as a sex offender. As part of the plea agreement, Petitioner agreed to waive his right to appeal. After his conviction, the court sentenced Petitioner to a term of three years of probation. Petitioner did not appeal the judgment.

On February 17, 2004, counsel for Petitioner filed a state habeas petition in Superior

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.11\Womack095mtdcustandtime.wpd

Court. In that petition, Petitioner stated that, in 1995, he was convicted of, *inter alia*, four sexual offenses with a person under 16 years of age, arising out of one incident with one victim, in violation of California Penal Code § 288a(b)(2). (MTD, Ex. 1.) Petitioner argued that a conviction under § 288a(b)(2) should not also include imposition of a lifetime registration requirement as a sex offender. On April 28, 2004, the Superior Court denied the petition.

On January 29, 2010, Petitioner, proceeding *pro se*, filed another state habeas petition in Superior Court. He also filed state habeas petitions in the California Court of Appeal and California Supreme Court. He was unsuccessful at all three levels. Thereafter, Petitioner filed the underlying petition on March 3, 2011.

## DISCUSSION

In Petitioner's federal petition he claims that appellate counsel rendered ineffective assistance because appellate counsel failed to raise numerous issues that he had promised to raise on appeal. As a result, Petitioner argues, the plea agreement was breached. All the issues Petitioner wished to raise on appeal from this 2002 judgment concerned Plaintiff's challenges to the 1995 sex offense.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *See id.* A habeas petitioner must be in custody for the conviction or sentence under attack at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence, and who is not subject to Court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction, and his petition is thus properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

To the extent Petitioner is attempting to attack his 1995 state court judgment and lifetime registration requirement, Petitioner was not in custody pursuant to that judgment at the

time he filed this federal habeas petition,[1] and therefore, he may not attack the 1995 judgment in this federal habeas proceeding. *See Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001) (recognizing that merely being subject to a sex offender registry requirement does not satisfy the "in custody" requirement after the original sexual offense conviction has expired). Because Petitioner is also not in custody for his 2002 conviction for the failure to register as a sex offender, the 2002 conviction cannot give this Court jurisdiction. *Cf. id.* at 1020 (noting that because the petitioner's current conviction for the failure to register was the product of an unconstitutional prior conviction, the district court had jurisdiction over the federal habeas claim). Thus, Petitioner's petition is dismissed for lack of jurisdiction.[2]

Alternatively, Respondent moves to dismiss the petition as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, that date was 60 days after the judgment of conviction. *See* Cal. Rules of Court, Rule 8.308(a). Thus, Petitioner's conviction became final on July 21, 2002, and he had until July 21, 2003, to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's federal petition, therefore, is untimely unless Petitioner can demonstrate that he is entitled to statutory or equitable tolling.

Although the one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), Petitioner did not file any state habeas petition until February 17, 2004. Because his state habeas petition was filed

---

[1] Petitioner was sentenced to a total of 4 years for his 1995 convictions. (MTD, Ex. 1, Ex. A at 8-9.)

[2] The Court notes that Petitioner appears to be in custody on a wholly unrelated bank robbery charge, for which he has been imprisoned since 2004. (Dkt. No. 12 at 2.)

after the expiration of the AEDPA's statute of limitations, the state petition did not statutorily toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Thus, Petitioner is not entitled to statutory tolling.

The Supreme Court has determined that the AEDPA's statute of limitation is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 130 S. Ct. at 2565 (finding district court's finding of lack of diligence incorrect and remanding for detailed examination of facts to "determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief").

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

Petitioner argues that he is entitled to equitable tolling because he was under the impression that the public defenders' office would handle his appeal, and keep him updated on its status. (Dkt. No. 12 at 2-3.) Petitioner also states that he and his mother had contacted the

public defenders' office "numerous times," but their messages were never returned. (*Id.* at 3.)

A prisoner's lack of knowledge that the state courts have reached a final resolution of his case can be grounds for equitable tolling if the prisoner acted diligently to obtain notice. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). More importantly, the Ninth Circuit has previously held that the alleged negligence of counsel in failing to perfect an appeal has "little to no bearing on [a petitioner's] ability to file a timely federal habeas petition." *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010). "Counsel's failure to perfect an appeal simply meant that [Petitioner] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action – it did not prevent him from filing the petition." *Id.*; *cf. Doe v. Busby*, 661 F.3d 1011, 1013-1015 (9th Cir. 2011) (finding extraordinary circumstances where attorney failed to file a timely petition despite numerous promises to the contrary; petitioner's three-and-a-half year delay in eventually filing a pro se petition was attributable to having been deceived, bullied and lulled by apparently inept and unethical lawyer who gave assurances that the petition was forthcoming); *Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling appropriate where attorney was retained to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to petitioner's case until well after the date the petition was due; remanding on issue of whether petitioner exercised reasonable diligence).

Aside from Petitioner's vague assertions that he and his mother attempted to contact the public defenders' office "numerous times," on unspecified dates, Petitioner has not provided any evidence to demonstrate that he exercised reasonable diligence in pursuing his rights. Indeed, Petitioner stated that at some unknown time, he eventually came to the conclusion – with no encouragement from the public defenders' office – that the public defenders' office was handling his appeal and that Petitioner should let them do their job. (Dkt. No. 12.) Petitioner's belief that the public defenders' office would "handle" his appeal is belied by the fact that Petitioner waived his right to appeal, pursuant to the 2002 plea agreement. Petitioner has also failed to demonstrate that some extraordinary circumstance stood in his way that prevented him from timely filing a federal petition. Thus, Petitioner is not entitled to equitable tolling.

1 | Accordingly, Petitioner's federal habeas petition is untimely.

## CONCLUSION

Accordingly, Respondent's motion to dismiss is GRANTED. The Clerk shall close the file and enter judgment in this matter.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeal.

IT IS SO ORDERED.

DATED: 7/31/12

LUCY H. KOH
United States District Judge